**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4583**

———————

UNITED STATES OF AMERICA,

                               Plaintiff - Appellee,

        versus

TYEESHA ANN BURL,

                               Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:05-cr-00329-RBH)

———————

Submitted:  July 31, 2007          Decided:  August 15, 2007

———————

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.  Jonathan Scott Gasser, Assistant
United States Attorney, Columbia, South Carolina; William Earl Day,
II, Assistant United States Attorney, Florence, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyeesha Ann Burl appeals her twelve month and one day sentence following her guilty plea and conviction for conspiracy to commit bank fraud. Her attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Though notified of her opportunity to file a pro se supplemental brief, Burl has not done so. The Government has declined to file a reply brief. Finding no reversible error, we affirm.

Burl suggests that the district court erred by not fully complying with Fed. R. Crim P. 11 at the guilty plea hearing. The transcript of the Rule 11 hearing discloses that the district court meticulously followed Rule 11 to ensure Burl would fully understand the significance of her guilty plea and that the plea was knowing and voluntary. After questioning Burl about the charges, her attorney's services, the rights that she was giving up by pleading guilty, the advisory guidelines ranges, the maximum penalties, and relevant conduct, the court found Burl fully competent and capable of entering an informed plea. The district court fully complied with its Rule 11 obligations and we find this issue meritless.

Burl also suggests that the district court erred by imposing an unreasonable sentence. After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the

- 2 -

applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see also Rita v. United States, 127 S. Ct. 2456 (2007).

"The district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion;' 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" Moreland, 437 F.3d at 432 (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)).

Here, the district court sentenced Burl post-Booker and appropriately treated the guidelines as advisory. The court sentenced Burl after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by Booker. Burl's twelve month and one day sentence is within the appropriate guidelines range and is well below the five-year statutory maximum sentence. See 18 U.S.C. § 371 (2000).

Burl objected to the use of relevant conduct in factoring her guidelines sentencing range. The Government also objected to a reduction under USSG § 3E1.1 for acceptance of responsibility, arguing that Burl was falsely denying relevant conduct. The court heard evidence from Government witnesses about Burl and her co-conspirator's conduct in each of the dismissed counts. The court found the testimony offered in support of the relevant conduct reliable and credible and that Burl committed the offenses in six of the thirteen counts. Burl offers no evidence beyond her self-serving denial of the conduct to counter the evidence put forth at the sentencing hearing. Moreover, Burl waived the right to challenge inclusion of relevant conduct to enhance her sentence in her plea agreement and agreed that she understood this waiver at her Rule 11 hearing.

Finally, the court explained that this case involved a "lot of fraud," and that Burl had a prior criminal record. Specifically, the court explained that it had considered the § 3553(a) factors and looked at the characteristics of the defendant, the need to promote respect for the law, and to provide just punishment. Neither Burl nor the record suggests any information so compelling as to rebut the presumption that her sentence was reasonable. Therefore, we conclude the sentence was reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Burl's conviction and sentence. This court requires that counsel inform Burl, in writing, of the right to petition the Supreme Court of the United States for further review. If Burl requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Burl.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>